1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTOR J. BRAVO,                                     )        No. C 05-3426 MMC (PR)
                                                     )
                    Petitioner,                      )        **ORDER DISMISSING**
                                                     )        **PETITION FOR WRIT OF**
   v.                                                )        **HABEAS CORPUS;**
                                                     )        **DENYING PETITION FOR**
A.P. KANE,                                           )        **WRIT OF MANDATE;**
                                                     )        **GRANTING LEAVE TO**
                    Respondent.                      )        **PROCEED IN FORMA**
_____ )            **PAUPERIS**
_
                                                              (Docket Nos. 2, 4 & 5)

        Victor Bravo, a California prisoner proceeding pro se, filed the above-titled petition

for a writ of habeas corpus.  He has applied for leave to proceed in forma pauperis.

        This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

        Petitioner alleges that prison officials are violating his civil rights in various ways,

including diagnosing him with mental illness, planning to transfer him to another institution,

tampering with his mail, and unfairly disciplining him.  The preferred practice in this Circuit

is that such challenges to the conditions of an inmate's confinement be brought in a civil

**United States District Court**
For the Northern District of California

1  rights complaint, not in a habeas petition.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir.

2  1991) (holding civil rights action is proper method of challenging conditions of

3  confinement); see also Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004); Ramirez v.

4  Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (holding that "habeas jurisdiction is absent,

5  and a § 1983 action proper, where a successful challenge to a prison condition will not

6  necessarily shorten the prisoner's sentence").  As petitioner's claims do not affect the fact

7  or duration of his custody, he may bring his claims in a civil rights complaint, but not in a

8  habeas petition.

9         In light of the foregoing, the above-titled petition for a writ of habeas corpus is

10 hereby DISMISSED, without prejudice to petitioner's raising his claims under 42 U.S.C.

11 § 1983 in a civil rights action.

12        In this same action, petitioner has filed a petition for a writ of mandate,  in which  he

13 requests that the Court order state prison officials to either comply with his demands for

14 improved conditions in the prison or release him from prison.  Petitioner has cited no

15 jurisdictional basis, and the Court is not aware of any, for issuance of such a writ.  The

16 federal mandamus statute provides that "[t]he district courts shall have original jurisdiction

17 of any action in the nature of mandamus to compel an officer or employee *of the United*

18 *States* or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361

19 (emphasis added).  Section 1361 does not apply to the instant petition because petitioner

20 seeks to compel action by state prison officials, not federal officials.  See, e.g., Newton v.

21 Poindexter, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (holding § 1361 has no application to

22 state officers or employees).  Nor does the federal All Writs Act ("Act") provide

23 jurisdiction to issue the writ of mandate petitioner seeks.  The Act provides, in relevant

24 part: "The Supreme Court and all courts established by Act of Congress may issue all writs

25 necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages

26 and principles of law."  28 U.S.C. § 1651(a).  Under this authority, the writ of mandamus has

27 traditionally been used in the federal courts "only to confine an inferior court to a lawful

28 exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its

United States District Court

For the Northern District of California

1  duty to do so." See Will v. United States, 389 U.S. 90, 95 (1967) (internal quotation and

2  citation omitted).  Here, petitioner does not seek to compel action from an inferior court,

3  but rather from state officials.

4        Due to the absence of a jurisdictional basis for the Court to issue the writ of

5  mandate petitioner seeks, the petition for such a writ is DENIED.

6        The application for leave to proceed in forma pauperis is GRANTED.

7        This order terminates Docket Nos. 2, 4 and 5.

8        The Clerk shall close the file.

9        IT IS SO ORDERED.

10  DATED: October 25, 2005

11  _____
    MAXINE M. CHESNEY
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28